# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NANCY DIEC, | Case No.: 2:20-cv-00122-APG-BNW |
| Plaintiff | **Order (1) Granting Motion to Dismiss, (2) Denying Motion to Bifurcate, and (3) Granting Leave to Amend** |
| v. | |
| GEICO CASUALTY COMPANY, | [ECF Nos. 6, 7] |
| Defendant | |

Plaintiff Nancy Diec sues her insurer, defendant GEICO Casualty Company, following a car accident in which she was injured. Diec believes the at-fault driver's insurance policy is either insufficient to cover her injuries or may be void, so she submitted a claim with GEICO for underinsured motorist (UIM) coverage, which GEICO refused to pay. ECF No. 1-1 at 4-5. Based on these allegations, Diec asserts claims for breach of contract, as well as contractual and tortious breach of the implied covenant of good faith and fair dealing.

GEICO moves to dismiss, arguing that the facts alleged in the complaint show only a dispute as to the value of Diec's claim and do not plausibly allege bad faith. GEICO also moves to dismiss Diec's bad faith claims as premature until the breach of contract claim is resolved. And GEICO contends there is no claim for contractual breach of the implied covenant in an insurance dispute. Alternatively, GEICO moves to bifurcate and stay discovery and trial on the bad faith claims until after the breach of contract dispute is resolved.

Diec responds that she has adequately alleged GEICO acted in bad faith, but she requests leave to amend if I conclude otherwise. She disputes that her bad faith claims are premature, and

she contends they should not be bifurcated for discovery.  However, she agrees that bifurcation at trial may be appropriate.

I grant GEICO's motion to dismiss Diec's bad faith claims, with leave to amend.  I deny GEICO's motion to bifurcate and stay.

# I.  ANALYSIS

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

## A.  Bad Faith

### 1. Contractual Breach of the Implied Covenant

GEICO argues that a claim for a contractual breach of the implied covenant is limited to commercial contracts and does not apply in the insurance context.  Diec does not respond to this argument.  I therefore grant this portion of GEICO's motion as unopposed. LR 7-2(d).

### 2. Tortious Breach of the Implied Covenant

Under Nevada law, an insurer breaches the duty of good faith when it refuses "without proper cause to compensate its insured for a loss covered by the policy." *U.S. Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975).  An insurer is without proper cause to deny a

1   claim when it has an "actual or implied awareness" that no reasonable basis exists to deny the

2   claim. *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354 (Nev. 1986).

3   An unreasonable delay in payment can also constitute bad faith. *Guar. Nat. Ins. Co. v. Potter*,

4   912 P.2d 267, 272 (Nev. 1996) ("[T]his court has addressed an insurer's breach of the implied

5   covenant of good faith and fair dealing as the unreasonable denial or delay of payment of a valid

6   claim").  However, an "insurer does not act in bad faith merely because it disagrees with the

7   claimant's estimation of his injuries or delays paying out benefits until it receives relevant

8   documents or expert opinions." *Igartua v. Mid-Century Ins. Co.*, 262 F. Supp. 3d 1050, 1055 (D.

9   Nev. 2017) (holding that the insurer acted reasonably in handling an insured's claim, despite

10  delaying payment several years, because there was a reasonable dispute about the extent of the

11  insured's injuries and whether those injuries were caused by the accident).

12          GEICO argues that Diec's bad faith claim is premature because her breach of contract

13  claim must be resolved first.  But a plaintiff does not need to establish success on a contractual

14  claim before proceeding with a bad faith claim. *Aiello v. Geico Gen. Ins. Co.*, 379 F. Supp. 3d

15  1123, 1129 (D. Nev. 2019).  To find otherwise would require a plaintiff to commence two

16  separate lawsuits even if the facts establish that the insurer "breached the insurance contract and

17  acted in bad faith within the same factual sequence." *Drennan v. Maryland Cas. Co.*, 366 F.

18  Supp. 2d 1002, 1007 (D. Nev. 2005).  I therefore deny GEICO's motion to dismiss on this basis.

19          However, I grant GEICO's motion to dismiss the bad faith claim for failure to state a

20  claim because Diec's complaint lacks factual allegations that GEICO denied coverage with an

21  actual or implied awareness that there was no reasonable basis supporting its decision.  I

22  therefore dismiss this claim, with leave to amend because it is not clear that amendment would

23  be futile. *Sonoma Cnty. Ass'n of Retired Emps.*, 708 F.3d at 1118 ("As a general rule, [d]ismissal

1 without leave to amend is improper unless it is clear . . . that the complaint could not be saved by

2 any amendment.") (quotation omitted).

3     **B.  Bifurcate or Stay**

4         Federal Rule of Civil Procedure 42(b) authorizes courts to order a separate trial of any

5 claim when separation is in the interest of judicial economy, will further the parties'

6 convenience, or will prevent undue prejudice. Fed. R. Civ. P. 42(b).  The decision to bifurcate is

7 within the court's discretion. *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982).  Bifurcation

8 is particularly appropriate when resolution of a single claim or issue could be dispositive of the

9 entire case. *Drennan*, 366 F. Supp. 2d at 1007.  "However, bifurcation of the trial does not

10 necessarily require bifurcation of discovery." *Id.*

11         If Diec amends her complaint to plausibly assert a bad faith claim, there would be no

12 reason to bifurcate or stay that claim at this stage.  I cannot evaluate bifurcation without a better

13 understanding of the factual predicate for Diec's bad faith claim following amendment.  That

14 being said, I have regularly denied early motions to bifurcate in similar cases. *See, e.g.*, *Aiello*,

15 379 F. Supp. 3d at 1129; *Rosas v. GEICO Cas. Co.*, 365 F. Supp. 3d 1123, 1128 (D. Nev. 2019).

16 If Diec is able to allege facts supporting a bad faith claim, it is likely her contractual and extra-

17 contractual claims will be intertwined such that bifurcation, at least at the early stages of the

18 case, would not be appropriate.  I therefore deny GEICO's motion to bifurcate.  Diec concedes

19 bifurcation at trial may be appropriate.  I will address bifurcation at trial if and when this case

20 proceeds to trial.

21 **II.  CONCLUSION**

22         I THEREFORE ORDER that defendant GEICO Casualty Company's motion to dismiss

23 **(ECF No. 6) is GRANTED**.  Plaintiff Nancy Diec's claims for bad faith are dismissed without

4

prejudice.  Diec may file an amended complaint by September 30, 2020.  If she does not file an amended complaint by that date, this case will proceed on the breach of contract claim.

I FURTHER ORDER that defendant GEICO Casualty Company's motion to bifurcate and stay **(ECF No. 7) is DENIED**.

DATED this 3rd day of September, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE